IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

BEAUMONT DIVISION

| | | |
|---|---|---|
| CLAYTON GAUSNELL | § | |
| VS. | § | CIVIL ACTION NO. 1:13cv693 |
| BRAD LINGSTON, ET AL | § | |

<u>MEMORANDUM OPINION REGARDING VENUE</u>

Clayton Gausnell, an inmate confined in the Lewis Unit of the Texas Department of Criminal Justice, Correctional Institutions Division, brings this civil rights action against several prison officials, including Janice L. Hanson. Defendant Hanson is nurse practitioner at the Gurney Unit. Plaintiff complains about the medical care provided by defendant Hanson while he was at the Gurney Unit.

<u>Analysis</u>

The Civil Rights Act, 42 U.S.C. § 1981, *et. seq.*, under which this case is brought, does not contain a specific venue provision. Accordingly, venue is controlled by 28 U.S.C. § 1391. *Jones v. Bailey*, 58 F.R.D. 453 (N.D. Ga. 1972), *aff'd per curiam*, 480 F.2d 805 (5th Cir. 1973).

When, as in this case, jurisdiction is not founded solely on diversity of citizenship, 28 U.S.C. § 1391 provides that venue is proper only in the judicial district where the defendants reside or in which the claim arose.

The Gurney Unit is located in Anderson County. As the actions taken by defendant Hanson were taken at the Gurney Unit, the claim against defendant Hanson arose in Anderson County. Pursuant to 28 U.S.C. § 124, Anderson County is located in the Eastern District of Texas. As a result, venue is proper in this court.

However, while Anderson County is in the Eastern District of Texas, it is in the Tyler Division, rather than the Beaumont Division. When a case is filed in the wrong division, the court "shall dismiss, or if it be in the interests of justice, transfer such case to any district or division in which it could have been brought." 28 U.S.C. § 1406(a). *See Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634 (5th Cir. 1994) (remanding the case to the Houston Division of the United States District Court for the Southern District of Texas, with instructions that the case be transferred to the McAllen Division pursuant to Section 1406(a)).

Accordingly, plaintiff's claim against defendant Hanson should be severed and transferred to the Tyler Division of this court. An Order of Severance and Partial Transfer shall be entered in accordance with this Memorandum Opinion.

SIGNED this 6th day of December, 2013.

_____
Zack Hawthorn
United States Magistrate Judge